FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   MAY 31 2017   ★

BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDEN FOODS, INC. (a Michigan corporation),<br><br>　　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>EDEN NUTS, INC.,<br><br>　　　　　　　　　　Defendants | Civil Action No. 1:17-CV-00597<br><br>**<u>STIPULATION AND ORDER</u>** |

　　　IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for Eden Foods, Inc. ("Plaintiff") and Eden Nuts, Inc. ("Defendant"), who is proceeding *pro se*, that the above-entitled action be and the same hereby is settled as against Defendant, upon the following terms and conditions:

　　　1.　　The parties to this suit have reached a settlement in this case, the terms and conditions of which are reflected in this Stipulation and Order. By the entry of this Stipulation and Order, all pending claims in this cause of action between the parties are fully and finally in all things resolved.

　　　2.　　Plaintiff has used and currently is using the trademark "Eden," alone and in combination with other terms, and is the owner of all right, title and interest in and to the mark "Eden" and other Eden formative marks as used in connection with Eden's goods and services, including but not limited to United States Patent and Trademark Office Registration Nos. 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,570, 4,272,393 and 4,431,041 (collectively, the "Eden Marks"). The Eden Marks are valid and enforceable.

3. With the limited exception set forth in Paragraph 5 below, Defendant and its owners, officers, directors, employees, agents and all other persons acting in concert or participation with them be, and hereby are, permanently enjoined from using any trademark, service mark or designation of any kind that is confusingly similar to the Eden Marks, including any mark with the dominant or formative term "Eden" or any colorable variation thereof, such as "Eden Nuts" or any other similar mark.

4. Not in limitation of Paragraph 3 of this permanent injunction, Defendant and its owners, officers, directors, employees, agents and all other persons acting in concert or participation with them be, and hereby are, permanently enjoined from using (i) the domain name edennuts.com and (ii) any social media account name or "handle" that is confusingly similar to the Eden Marks, including any name/handle with the dominant term "Eden" or any colorable variation thereof, such as @EDENNUTS.

5. Notwithstanding Paragraph 3 above, Defendant shall have until **November 8, 2017** ("Phase-Out Period") to exhaust its remaining inventory of products bearing the "Eden Nuts" name. Within ten (10) days of the conclusion of the Phase-Out Period, Defendant shall destroy or otherwise dispose of all remaining advertisements, brochures, labels, packaging, signs, prints, decals, business cards, order forms and all other materials in the possession or custody, or under the control, of Defendant that bear or are labeled with the trademark EDEN, alone and in combination with other words; provided, however, that to the extent Defendant has, as of November 8, 2017, remaining products that are already packaged and/or labeled with "Eden Nuts" or any other Eden Marks (and were already packaged and labeled as of the date hereof), Defendant may, until **December 31, 2017**, "Cover" the parts of the label that reflect the Eden Marks. In this context, "Cover" shall mean that Defendant shall obscure the Eden Marks on its

packaging in such a manner that none of the Eden Marks will be visible to the consumer. Such Cover must completely, permanently and irrevocably obscure the Eden Marks on Defendant's labeling and packaging. If Defendant elects to Cover the labeling and packaging, Defendant shall provide a sample of the Covered labeling and packaging to Plaintiff by November 8, 2017. By January 10, 2018, Defendant shall destroy or otherwise dispose of all remaining products that are packaged and/or labeled with "Eden Nuts" or any other Eden Marks and shall so confirm to Plaintiff's counsel in writing by January 15, 2018.

6. Defendant and its owners shall not conspire with, aid, assist or abet any other person or entity in engaging or performing any of the activities referred to in Paragraphs 3 or 4 above.

7. Defendant consents to entry of a judgment, which is a final judgment, and shall be given full effect as if the matters asserted herein had been fully litigated at trial.

8. This Court shall retain jurisdiction for purposes of enforcing this Stipulation and Order and the terms set forth herein. In the event enforcement is required by Plaintiff, Plaintiff shall be entitled to reimbursement of its reasonable attorneys' fees by Defendant.

9. Upon execution of this stipulation by counsel for Plaintiff and by Defendant, and the Court so-ordering the stipulation, this action shall otherwise be DISMISSED with prejudice. Each party shall bear its own costs and fees in this action.

10. No amendment or modification of this stipulation will be deemed effective unless made in writing and signed by the party against whom enforcement is sought.

11. This stipulation may be executed in one or more counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute but one and the same instrument; provided, however, that this stipulation shall not bind any of the parties hereto

unless and until each of the parties has executed the stipulation, whether in counterparts or not, together with all of the other documents required by the terms of this stipulation.

12. Each of the parties hereto hereby represents and warrants that they have the full right, power and authority to enter into this stipulation and that the person executing this stipulation on their behalf is duly authorized to do so.

13. The parties agree to execute such additional documents, if any, as may be reasonably required to implement the terms of this stipulation.

14. This stipulation constitutes the complete agreement and understanding among the parties hereto with respect to the subject matter hereof, and supersedes any and all prior existing agreements or understanding between or among the parties.

CULLEN AND DYKMAN LLP
Attorneys for Plaintiff

By: _____           _____
Richard A. Coppola, Esq.                                        Esther Schwartz
44 Wall Street, 17th Floor                                      Principal of Eden Nuts, Inc.
New York, New York 10005
(212) 732-2000

s/ WFK
_____
So-ordered   USDJ

4